**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

JUSTIN REYES ET AL                                    CASE NO.  2:23-CV-01782

VERSUS                                                JUDGE JAMES D. CAIN, JR.

U S A A CASUALTY INSURANCE CO ET AL      MAGISTRATE JUDGE LEBLANC

## MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment for Liability Against Antonio Collazo and Julia Collazo for Dog Attack and No Fault on Victim, A. R."[1] (Doc. 62) filed by Plaintiffs, Justin and Ashley Reyes (collectively referred to as "Plaintiffs"). Plaintiffs move for judgment as a matter of law against Antonio Collazo, and Julia Collazo (collectively referred to as "Defendants") as to strict liability or negligence.

## BACKGROUND

Defendants, Antonio and Julia Collazo are the owners of the dog, Drogo that is alleged to have caused damage to Plaintiffs, Justin and Ashley Reyes's, son, A. R..[2] Julia Collozo testified that Drogo has never bitten nor acted aggressively towards others.[3]

On December 31, 2022, the Collazos and their three children were visiting Donnie and Savannah Messer at the Messer's home located on the Fort Polk Army Base.[4] Drogo was inside the Messer's house on this morning, but somehow got out of the house.[5] The

---

[1] The Court notes that Plaintiffs' counsel improperly named the minor victim instead following the Rules of Court that prohibit the use of a minor's name.

[2] Defendants' Exhibit 4, Julia Collozo depo. p. 15: 10-14.

[3] *Id.* pp. 18: 1; 19: 2

[4] Defendants' Exhibit 5, Savannah Messer depo. p. 9: 3-11

[5] *Id.* p. 21: 13-24; Defendants' Exhibit 4, Julia Collozo depo. pp. 16: 24; 17: 21.

defendants' provide testimony that as soon as it was realized Drogo was out, Mrs. Messer went to retrieve him.[6] While out, Drogo traveled to a nearby park, where Joseph and Heather Baltz were playing with their children, and A.R. was playing there as well.[7] Drogo began bouncing and jumping around the kids on the playground.[8] Drogo was particularly acting this way around A.R., even though he had not provoked Drogo in any way.[9] Neither Mrs. Collazo nor Mrs. Messer deny that A.R. did not provoke Drogo. [10] When Drogo was around A.R, he became agitated by Drogo's behavior.[11]

Noticing that Drogo was agitating A.R., Mr. and Mrs. Baltz tried to help him get away from Drogo.[12] As Mr. Baltz tried to keep Drogo from running and jumping, A.R. was told to go home by Mrs. Baltz.[13] Around this time, Mr. Baltz called the police to inform them about Drogo running around the Fort Polk base.[14] While A.R. was trying to get home, and Mr. Baltz no longer had Drogo contained, Drogo caught up with A.R..[15] At this time, Mr. Baltz says Drogo bit A.R.[16]

While the above events were occurring, Mrs. Messer saw that Drogo had escaped from her house and went to retrieve Drogo.[17] Mrs. Collazo did not retrieve Drogo because she had her three-year-old daughter with her, and Mrs. Messer was already going retrieve

---

[6] *Id.*
[7] Plaintiffs' Exhibit 5, Heather Baltz's depo. p. 15: 8-11
[8] *Id.* p. 15: 18-25
[9] *Id.* p. 16: 6-19
[10] Plaintiffs' Exhibit 4, Julia Collazo depo. p. 39: 22-25; Plaintiffs' Exhibit 2, Savannah Messer depo. p. 44: 15-17.
[11] Plaintiffs' Exhibit 5, Heather Baltz's depo. p. 15: 18
[12] *Id.* 22-25.
[13] *Id.* p. 17: 15-17.
[14] *Id.* p. 18: 7-9.
[15] *Id.* p. 19: 16-23.
[16] Plaintiffs' Exhibit 6, Joseph Baltz depo. p. 14: 2-6.
[17] Defendants' Exhibit 5, Savannah Messer depo. p. 81: 2-5.

Drogo when it was noticed that Drogo was out.[18] Although the Baltzes testify that Drogo attacked A.R., in Mrs. Messer's deposition, she testifies that Drogo was not acting with any aggression when she retrieved him.[19] Mrs. Messer acknowledges that Drogo had made contact with A.R., but not aggressively.[20] Also, she admitted A.R. was agitated, but only because he had lost his shoe, and he asked Mrs. Messer to "please get this dog."[21] She said he was not screaming and hollering.[22]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State*

---

[18] Defendants' Exhibit 4, Julia Collazo depo. p. 25; 7-14; p. 17: 13-21.
[19] Defendants' Exhibit 5, Savannah Messer depo. p. 25: 14-24.
[20] *Id.*
[21] *Id.* p. 36: 13-23.
[22] *Id.*

*Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

Plaintiffs have sued the owners of the dog, Antonio and Julia Collazo (collectively referred to as the "Collazos") and their insurer, and Donnie and Savannah Messer (collectively referred to as the "Messers"), and their insurer. The Collazos were visiting and staying at the Messer's home for the holidays, with their dog, Drago, when the subject event occurred.  Notably, Plaintiff's Motion for Summary Judgment is solely against the Collazos, despite the Messers and their insurer, being named as additional Defendants. Plaintiffs seek a ruling from the Court that the Collazos are strictly liable, or in the alternative, negligently liable for the alleged injuries to their son, A.R.

Louisiana Civil Code article 2321[23] provides the following:

> Art. 2321. Damage caused by animals

---

[23] As of the date of the attack—December 31, 2022.

> The owner of an animal is answerable for the damage caused by the animal... However, he is answerable for the damage only upon a showing that he knew or, in the exercise of reasonable care, should have known that his animal's behavior would cause damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.  Nonetheless, the owner of a dog is strictly liable for damages for injuries to persons or property caused by the dog and which the owner could have prevented and which did not result from the injured person's provocation of the dog. . . .

Plaintiffs rely on *Pepper v. Triplet*, wherein the Court held that:

> to establish a claim in strict liability against a dog owner, plaintiff must prove that his person or property was damaged by the owner's dog, that the injuries could have been prevented by the owner, and that the injuries did not result from the injured person's provocation of the dog; to establish that an owner could have prevented injuries causes by his dog, the plaintiff must show the dog presented an unreasonable risk of harm.

864 So.2d 181, 184 (La. 1/21/04).

Plaintiffs makes the bold statement, unsupported with any citation, that "Drogo was allowed to get free, no effort was immediately made to retrieve him, whereupon he ran across the street to the park that was full of young children playing. Liability is clear."[24] The Court will not accept statements that are not supported by proper citation to summary judgment evidence.

Defendants rely on summary judgment evidence that summarily states that one of the Messer's children let the dog out of the house through the front door.[25] Upon seeing that Drago was out, Ms. Savannah Messer immediately went to retrieve the dog.[26]

---

[24] Doc. 62-4, p. 5.
[25] Defendants attach numerous exhibits to their opposition but do not cite to which particular exhibit, they are citing. For example, Defendants cite  "page 17, lines 3-7," which the Court will assume is Julio Collazo's deposition testimony based on the subtitle to this section of the Memorandum.
[26] Julio Collazo deposition p. 17:13-21.

Defendants also state that the dog was not aggressive toward anyone prior to the incident.[27] Ms. Collazo did not go after the dog because she had her three-year-old with her.[28]

Ms. Messer testified in her deposition that Drogo never went out of the house without someone with him and he was never rough with her children. Ms. Messer saw through the kitchen window that Drago was out of the house, and he was "bounding around" in the park.[29]

Without any analysis or supportive authority, Defendants argue that there are genuine issues of material fact for trial as to strict liability and negligence. Defendants also state without supporting arguments and/or specificity that there are issues of credibility. Defendants also appear to suggest that the motion is premature because A.R. has not been deposed. The Court disagrees and will not entertain conclusory statements without a complete analysis supported by legal authority.

Based on the summary judgment evidence submitted, it is undisputed that the Collazos are the owner of the dog, Drogo. It is also undisputed that A.R. did not provoke Drogo, but was injured by Drogo. The criterion for determining whether a defendant has created or maintained an unreasonable risk of harm is a balancing of claims and interest, a weighing of the risk and gravity of harm, and a consideration of individual and societal rights and obligations. *Pepper*, 864 So.2d at 196. The Collazos could have prevented Drago from injuring A.R. by simply locking the front door, putting Drogo in a fenced-in back yard, or securing him with a leash. As such, the court finds that the risk of injury

---

[27] *Id.* p. 18:1-25.
[28] *Id.* p. 19:3-8.
[29] Savannah Messer deposition, pp. 9:24-10:6, 20:14-19, 21:13-24.

outweighs the dog's utility such that it posed an unreasonable risk of harm. The undisputed facts also establish that one of the Messer's children let the dog out of the house. As such, the Court does not find that the Collazos were solely at fault, but the Court does find that the Collazos are strictly liable for the injuries caused by their dog, Drogo.  The instant motion raises the issue of liability only concerning the Collazos. Considering Plaintiff's allegations concerning the Messers, who are also named in this lawsuit, the issue of comparative fault remains to be resolved.  As such, the Court is not deciding the allocation of fault or ruling that the Collazos are 100% at fault here.

### CONCLUSION

For the reasons explained herein, the Court will grant the Motion for Summary Judgment for Liability Against Antonio Collazo and Julia Collazo for Dog Attack and No Fault on Victim, A. R. (Doc. 62), finding the Collazos are strictly liable, without deciding any allocation of fault as to all of the named Defendants.

**THUS DONE AND SIGNED** in chambers on this 21st day of May, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**
